EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Miriam Coriano Hernández y Juan José Correa, por sí y como miembros de la Sociedad Legal de Bienes Gananciales constituida entre ambos<br>      Recurridos<br><br>                  v.<br><br>KMART Corporation, Persona A, Persona B, Persona C, Aseguradora A, Aseguradora B, Aseguradora C, y Propietario<br>      Peticionario | Certiorari<br><br>2001 TSPR 97<br><br>154 DPR _____ |

Número del Caso: CC-2001-291

Fecha: 29/junio/2001

Tribunal de Circuito de Apelaciones:
                        Circuito Regional VI

Juez Ponente:
                        Hon. Andrés E. Salas Soler


Abogados de la Parte Peticionaria:
                        Lcdo. Eduardo A. Vera Ramírez
                        Lcdo. Jesús I. Encarnación Castro


Abogado de la Parte Recurrida:
                        Lcdo. Emilio Cancio-Bello


Materia: Daños y Perjuicios




        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miriam Coriano Hernández y
Juan José Correa, por sí y
como miembros de la Sociedad
Legal de Bienes Gananciales
constituida entre ambos

      Recurridos

           v.

KMART Corporation, Persona A,
Persona B, Persona C,
Aseguradora A, Aseguradora B,
Aseguradora C, y Propietario

      Peticionario

CC-2001-291

PER CURIAM

San Juan, Puerto Rico a 29 de junio de 2001

Nos corresponde determinar si una moción solicitando enmienda a la sentencia en cuanto al interés legal, que surge de una controversia en cuanto a cuál es la tasa de interés aplicable a la sentencia, debe ser considerada como una solicitud de enmienda *nunc pro tunc* bajo la Regla 49 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, o como una moción de reconsideración bajo la Regla 47 que tiene el efecto de interrumpir el término para apelar ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).

I

Los esposos Coriano-Correa presentaron una demanda en daños y perjuicios contra Kmart Corporation (en adelante Kmart), solicitando indemnización por una caída sufrida por la Sra. Coriano el 15 de enero de 1999, en el centro comercial Las Catalinas Mall.

El 4 de diciembre de 2000, el tribunal de instancia dictó sentencia declarando con lugar la demanda. En consecuencia, condenó a Kmart a pagar a la Sra. Coriano $45,000 por concepto de daños físicos y morales y $2,100 a su esposo, el Sr. Correa, en concepto de daños morales. También condenó a Kmart al pago de costas, gastos e intereses al 8.75% a partir del 10 de febrero de 1999, fecha en la cual se presentó la demanda, y hasta la total satisfacción de la sentencia. Finalmente le impuso a Kmart el pago de $1,200 por concepto de honorarios de abogado. Esta sentencia fue archivada en autos el 15 de diciembre de 2000, y depositada en el correo el 18 de diciembre de 2000.

El 26 de diciembre de 2000, los esposos Coriano-Correa presentaron ante el tribunal de instancia una "Moción Solicitando Enmienda a Sentencia en cuanto a Interés Legal". En esta moción alegaron que la tasa de interés dispuesta en la sentencia era incorrecta, ya que el interés vigente a la fecha en que ésta fue dictada era de 10.75% anual, y no de 8.75%. En consecuencia, solicitaron del tribunal que enmendara la sentencia a esos efectos.

El 28 de diciembre de 2000, el tribunal de instancia dictó una orden, la cual fue notificada el **10 de enero de 2001**, en la cual declaró denegó la enmienda solicitada. **En esa notificación, el tribunal indicó que "el interés vigente a la fecha de radicación [de la demanda] era de 8.75% y ese está en la sentencia dictada".**[1]

---

[1] Los esposos demandantes radicaron ante el tribunal de instancia, el 19 de enero de 2001 una "Moción de reconsideración de orden sobre interés legal". En dicha moción se reafirmaron en que la tasa de interés a aplicarse es la que esté vigente al momento de dictar la sentencia, y no el interés que estuviese vigente al momento de radicarse la demanda. El 24 de enero de 2001, el tribunal de instancia dictó resolución, archivada en autos el 25 de enero de 2001, en la cual declaró "No ha lugar" la moción de reconsideración.

Mientras tanto, el **18 de enero de 2001**, Kmart presentó apelación de la sentencia dictada por el tribunal de instancia el 4 de diciembre de 2000. Los esposos demandantes se opusieron a la apelación, argumentando que la misma se había presentado fuera del término jurisdiccional de treinta (30) días para apelar ente el Tribunal de Circuito, ya que, habiendo sido depositada en el correo la copia de la notificación de dicha sentencia el 18 de diciembre de 2000, Kmart tenía hasta el 17 de enero de 2001 para presentar el recurso de apelación. Por su parte, Kmart alegó que la solicitud de enmienda en cuanto al interés legal hecha por los esposos demandantes, por tratarse de un asunto de derecho (determinar el interés aplicable) era realmente una moción de reconsideración, por lo que el término para apelar había quedado interrumpido.

Luego de varios trámites procesales, el 7 de febrero de 2001, el Tribunal de Circuito dictó una resolución en la cual desestimó la apelación presentada por Kmart por falta de jurisdicción. El foro apelativo concluyó que la enmienda solicitada por los esposos demandantes era una enmienda *nunc pro tunc* bajo la Regla 49, la cual no tuvo el efecto de interrumpir el término para apelar la sentencia dictada por el tribunal de instancia el 4 de diciembre de 2000. Así, como la notificación de esa sentencia fue depositada en el correo el 18 de diciembre de 2000, Kmart tenía hasta el 17 de enero de 2001, para presentar su escrito de apelación. Por tanto, la apelación presentada el 18 de diciembre de 2000 fue hecha fuera del plazo jurisdiccional de 30 días para apelar al Tribunal de Circuito.

Denegada la reconsideración, Kmart recurrió ante nos mediante recurso de certiorari, alegando como único error el siguiente:

> Erró el Tribunal de Circuito de Apelación al declarar no ha lugar la moción de reconsideración presentada por el aquí peticionario el 1 de marzo de 2001 y al no haber determinado que la moción solicitando enmienda a la sentencia en cuanto al interés legal presentada por los recurridos fue en realidad una moción de reconsideración que interrumpió el término para acudir en apelación de la sentencia emitida por el tribunal de instancia.

Mediante resolución de 11 de mayo de 2001 le concedimos a la parte recurrida, esposos Coriano-Correa, un plazo de veinte (20) días para que mostraran causa por la cual no debíamos expedir el auto solicitado y revocar la determinación del Tribunal de Circuito. La parte recurrida ha comparecido y, con el beneficio de su escrito, resolvemos según lo intimado.

II

Para atender adecuadamente la controversia presentada en este caso es necesario hacer una breve síntesis de las disposiciones de las Reglas de Procedimiento Civil relativas a los términos para apelar, la moción de reconsideración y la corrección de defectos de forma mediante enmienda *nunc pro tunc*.

La Regla 53.1 de Procedimiento Civil establece que el recurso de apelación deberá ser presentado dentro del término jurisdiccional de treinta (30) días, contados a partir del archivo en autos de la copia de la notificación de la sentencia. Si la fecha del archivo en autos de copia de la notificación de la sentencia es distinta a la del depósito en el correo, el término se calculará a partir de la fecha de depósito en correo. Regla 46 de Procedimiento Civil.

Por otra parte, la Regla 53.1(g) establece que el término para apelar ante el Tribunal de Circuito se interrumpirá, entre otras causas, por la oportuna presentación y consideración de una moción de reconsideración ante el tribunal de instancia.

La Regla 47 regula la moción de reconsideración. Ésta dispone, en lo pertinente, que:

> La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término de quince (15) días desde la fecha de la notificación u orden, o desde la fecha del archivo en autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración... El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones, empezará a contarse desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo definitivamente la moción. 32 L.P.R.A Ap. III.

La moción de reconsideración provee una oportunidad al tribunal sentenciador para realizar la significativa tarea de corregir cualquier error que haya cometido al dictar una sentencia o resolución.[2] No obstante, la presentación de esta moción no interrumpe el término para apelar automáticamente. A estos efectos se ha indicado que:

> La acción que toma el tribunal con relación a la moción de reconsideración afecta el transcurso del término para apelar de la siguiente manera: Si la rechazare de plano, es decir, si dispone un escrito de no ha lugar, el término para recurrir se considerará que nunca fue interrumpido. Si señala una vista para oír a las partes y se toma alguna determinación, o si se requiere a la parte adversa una réplica, **o si se fundamenta alguna resolución denegatoria**, el término para recurrir comenzará a contarse de nuevo desde la fecha en que se archive en los autos copia de la notificación de la resolución del tribunal.[3]

Por otra parte, las enmiendas relativas a **errores de forma** están reguladas por la Regla 49.1. Ésta dispone lo siguiente:

> Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en las mismas por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordenare.

---

[2] Véase, José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, pág. 767.

[3] Rafael Hernández Colón, Derecho Procesal Civil, Michie de Puerto Rico, pág. 296 (1997).

Esta regla tiene el propósito de permitir al tribunal que dictó sentencia corregir cualquier **error de forma** cometido en ésta por inadvertencia u omisión, o errores mecanográficos, o que **no puedan considerarse que van a la sustancia de la sentencia**, orden o resolución, ni que se relacionan con asuntos discrecionales. En el sistema federal, la regla de procedimiento civil equivalente los denomina "clerical mistakes".[4] Las enmiendas de naturaleza *nunc pro tunc* se retrotraen a la fecha de la sentencia o resolución original.

Este Tribunal ha señalado que se puede utilizar la Regla 49, por ejemplo, para corregir los **errores de forma** que aparezcan de los récords del tribunal, Sucn. Rosario v. Sucn. Cortijo, 83 D.P.R. 678 (1961), y corregir errores del secretario del tribunal al anotar la sentencia. Pueblo v. Miranda, 56 D.P.R. 601 (1940). También hemos avalado el uso de la enmienda *nunc pro tunc* para adicionar al reconocimiento del derecho de propiedad la condena de entregar los frutos. Martínez v. Delgado, 18 D.P.R. 382 (1912); para dar una descripción completa en la sentencia de la propiedad disputada, Cintrón v. A. Hartman & Co., 43 D.P.R. 179 (1932); y para conceder costas en la sentencia cuando éstas se reconocen en la opinión, Lawton v. Rodríguez, 41 D.P.R. 447 (1930). Si el derecho a cierto remedio está claramente sostenido por el récord, la omisión en concederlo es subsanable, por ser **error de forma**, mediante enmienda *nunc pro tunc*. Security Ins. v. Tribunal Superior, 101 D.P.R. 191 (1973).

No obstante, hemos establecido que cuando la controversia trate sobre una cuestión de interpretación de Ley, aunque esté involucrado un cálculo matemático, no procede utilizar la Regla 49.1. Véase Banco Popular v. Tribunal Superior, 82 D.P.R. 242 (1961). Además se ha señalado que alegados errores de derecho no pueden alterarse bajo esta regla.[5]

Con este trasfondo procesal y fáctico, pasemos a analizar la controversia de autos.

III

Como ya señaláramos, Kmart presentó su apelación ante el Tribunal de Circuito el **18 de enero de 2001**, treinta y un (31) días después de la fecha de depósito en el correo de la notificación de la sentencia del tribunal de instancia. No está en controversia que dicha apelación se presentó fuera del plazo jurisdiccional de treinta (30) días que establece la Regla 53.1, computado este término desde que se envió la notificación de la sentencia.

No obstante, Kmart alega que la moción de enmienda en cuanto al interés legal solicitada al tribunal de instancia por los esposos recurridos fue para todos los efectos una moción de reconsideración que al ser considerada interrumpió el término para apelar ante el Tribunal de Circuito. Le asiste la razón, veamos.

---

[4]     Véase, Cuevas Segarra, op. cit., pág. 781.
[5]     Cuevas Segarra, op. cit., pág. 782.

La parte recurrida alega que la solicitud de enmienda en cuanto al interés legal fue una solicitud bajo la Regla 49.1, es decir, para corregir un defecto de forma de la sentencia dictada por el tribunal de instancia. Consideramos que esta afirmación es incorrecta. Entre la parte aquí recurrida y el tribunal sentenciador existe una genuina controversia de derecho en cuanto a cuál es la tasa de interés aplicable a la sentencia: el interés vigente al momento de radicada la demanda o el interés vigente al momento de dictarse la sentencia. Esta controversia requiere una interpretación de la Regla 44.3, la cual establece el interés legal sobre sentencias y los intereses por temeridad.

La enmienda solicitada por los esposos Coriano-Correa no fue por razón de que el tribunal de instancia olvidase indicar en la sentencia el interés legal, lo cual podría considerarse un **error de forma**, sino que involucraba una alegación de que el tribunal de instancia cometió un error al **interpretar** la Regla 44.3, imponiendo la tasa de interés equivocada. **Este es un error de derecho, no un mero error de forma subsanable mediante enmienda *nunc pro tunc*.**[6]

Por otra parte, la moción presentada por los esposos Coriano-Correa cumple con todos los requisitos para ser considerada una moción de reconsideración que al ser considerada interrumpió el término para recurrir en alzada. En primer lugar, y como ya hemos discutido, la moción solicitaba la corrección de un error de derecho, no de forma. Además: (1) fue presentada dentro del término de quince (15) días para solicitar reconsideración y, (2) el tribunal de instancia la consideró y tomó una determinación dentro de los diez (10) días de haber sido ésta radicada, declarando no ha lugar la moción y **aduciendo como razón para ello** que "el interés legal vigente a la fecha de radicación era 8.75%". Por último, el que los esposos recurridos hubiesen titulado la moción "solicitud de enmienda en cuanto al interés legal", en nada obsta para que dicha moción se considere una moción de reconsideración, ya que lo importante no es el título o nombre que se le dé a un escrito, sino su contenido. Véase Ramos González v. Félix Medina, 121 D.P.R. 312 (1988); Magriz v. Empresas Nativas, 143 D.P.R. 63 (1997).

Así, la moción cumple con todos los requisitos establecidos en las Reglas de Procedimiento Civil para ser considerada como una moción de reconsideración con efecto de interrumpir el término para apelar una sentencia ante el Tribunal de Circuito. Por tanto, habiendo sido notificada la determinación del tribunal de instancia declarando no ha lugar la enmienda solicitada el **10 de enero de 2001,** el término para apelar la sentencia comenzó a decursar a partir de esa fecha. Kmart radicó su escrito de apelación ante el Tribunal de Circuito el 18 de enero de 2001, o sea, dentro del término de treinta (30) días para

---

[6] En su escrito mostrando causa, los esposos Coriano-Correa solicitaron a este Tribunal la corrección del alegado "error" cometido por el tribunal de instancia en cuanto al interés legal aplicable. Este en un asunto sobre el cual el Tribunal de Circuito no ha pasado juicio, por lo tanto, este Tribunal carece de jurisdicción para considerar dicho planteamiento.

apelar que establecen las Reglas de Procedimiento Civil, por lo que no procedía la desestimación del recurso por falta de jurisdicción.

Por los fundamentos antes expuestos, se expide el auto y se revoca el dictamen del Tribunal de Circuito de Apelaciones.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Miriam Coriano Hernández y
Juan José Correa, por sí y
como miembros de la Sociedad
Legal de Bienes Gananciales
constituida entre ambos

      Recurridos

           v.

CC-2001-291

KMART Corporation, Persona A,
Persona B, Persona C,
Aseguradora A, Aseguradora B,
Aseguradora C, y Propietario

      Peticionario

SENTENCIA

San Juan, Puerto Rico a 29 de junio de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se expide al auto y se revoca el dictamen del Tribunal de Circuito de Apelaciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López está inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo