Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Wanda L. Álvarez Montero<br><br>Apelada<br><br>vs.<br><br>Sandra Julissa Miranda Bermúdez y Choo Choo Train Dry Care and More, Inc.<br><br>Apelante | KLAN202300938 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Civil Núm.: TA2021CV00041<br><br>Sobre: Desahucio y Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparece la parte apelante Choo Choo Train Day Care & More, Inc. (en adelante, "Choo Choo Train" o "parte apelante") para solicitarnos que se revoque la "Sentencia Nunc Pro Tunc" emitida por el Tribunal de Primera Instancia, Sala Superior de Toa Alta, el 13 de diciembre de 2021, enmendada el 12 de octubre de 2023 y notificada el 13 de octubre de 2023.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se confirma mediante los fundamentos que expondremos a continuación.

**I.**

El 14 de junio de 2016, la Sra. Wanda l. Álvarez Montero (en adelante, "Sra. Álvarez Montero") cedió en arrendamiento a la Sra. Sandra Julissa Miranda Bermúdez (en adelante, "Sra. Miranda Bermúdez) y a Choo Choo Train el local ubicado en la Avenida

Número Identificador

SEN2023 _____

Boulevard, 2da. Sección de Levittown, Paseo Aguilar #2669 en Toa Baja, Puerto Rico. Las partes convinieron un canon de arrendamiento de $1,500.00 mensuales a ser prorrateados por 5 años hasta llegar a $1,800.00 mensuales. También acordaron que los pagos se realizarían el primer día de cada mes y que, en caso de realizarse tardíamente, después del día 5 se impondría un cargo de 5%, del día 10, un 10%, y del día 15, un 15%. Dicho contrato estuvo vigente hasta agosto de 2021.

Así las cosas, como consecuencia de las medidas de aislamiento implementadas durante la pandemia de COVID-19, el centro de cuido de niños cerró temporeramente. La Sra. Miranda Bermúdez le solicitó a la Sra. Álvarez Montero un descuento en la mensualidad y acordaron el pago de $900.00 mensuales mientras el establecimiento permaneciera cerrado. Posteriormente, en el mes de julio de 2020, los centros de cuidos fueron autorizados a reabrir sus puertas. Choo Choo Train efectuaba los pagos de manera tardía y su último pago fue el 16 de octubre de 2020, el cual correspondía al mes de septiembre.

El 13 de octubre de 2020, la parte apelante le indicó a la Sra. Álvarez Montero que hubo un desprendimiento de los plafones del techo. Ese mismo día, la parte apelada envió personal para que arreglara el defecto. Más adelante, la Sra. Álvarez Montero le solicitó a la parte apelante el pago de $1,800.00 mensuales, ya que el servicio de cuido de niños se estaba brindando. La Sra. Miranda Bermúdez contestó que pagaría lo adeudado y que se tenía que ir del local en diciembre. También expresó que realizaría los arreglos y se los restaría de la renta. La Sra. Álvarez Montero no estuvo de acuerdo con esto.

El 10 de diciembre de 2020, la parte apelada envió una carta con acuse de recibo a la parte apelante, donde reclamó el pago de lo adeudado. De igual manera, envió la carta a través de correo

electrónico. El 5 de enero de 2021, envió otra comunicación con un resumen de todo lo sucedido, donde le concedía a la parte apelante un término de tres días para realizar el pago y que, en su defecto, presentaría una acción de desahucio.

Ante la negativa de realizar los pagos, el 20 de enero de 2021, la Sra. Álvarez Montero radicó por derecho propio, ante el Tribunal de Primera Instancia una Demanda contra la Sra. Miranda Bermúdez y Choo Choo Train sobre desahucio y cobro de dinero. La parte apelada intentó realizar el diligenciamiento del emplazamiento personal, pero no obtuvo éxito porque la parte apelante se ocultaba y se negaba a recibirlo. Ulteriormente, fue emplazada por edicto.

Luego de varios tramites procesales, el 13 de diciembre de 2021, el Tribunal de Primera Instancia, emitió una Sentencia donde declaró Ha Lugar la acción de desahucio y cobro de dinero. Así pues, expresó que la deuda por canones de arrendamiento ascendía a $31,050.00 con el 15% de penalidad. También ordenó el pagó de gastos, costas y $5,000.00 en honorarios de abogados por temeridad. Específicamente, dicha Sentencia establecía lo siguiente:

> Este tribunal declara que **se le adeuda a la parte demandada** la cantidad de $27,000.00 más el 15% de penalidad $4,050.00 para un total de $31,050.00. Se le ordena además al pago de gastos, costas y $5,000.00 en honorarios de abogados, por temeridad. (Énfasis Nuestro.)

El 21 de diciembre de 2021, la parte apelante presentó su recurso de apelación. El 22 de febrero de 2022, este tribunal confirmó dicha sentencia. La parte apelante recurrió en *certiorari* ante el Tribunal Supremo y fue declarado No Ha Lugar. El 31 de enero de 2023, el Foro Primario emitió una orden donde le solicitó a la parte demandada mostrar causa por la cual no deba ser sancionada conforme a la regla 39.2 (A) por no haber consignado la

suma de $31,050.00 en 15 días. El 10 de febrero de 2023, la parte apelante presentó su Moción en Cumplimiento de Orden. Asimismo, el 5 de julio de 2023, la Sra. Álvarez Montero presentó la Moción de Desestimación de la Reconvención y Para Entrega de Dinero Depositado en Fianza a la Parte Demandante. Más adelante, el 15 de agosto de 2023 se llevó a cabo una vista para la discusión de las mociones y emitió una Minuta. El 5 de octubre de 2023, la parte apelante sometió una Moción Solicitando Aclaración a la Minuta/Resolución. Varios días después, la parte apelante radicó una Moción de Reconsideración, la cual fue denegada. Así las cosas, el 12 de octubre de 2023, el Tribunal de Primera Instancia emitió la Sentencia *Nunc Pro Tunc* para corregir un error clerical. La Sentencia Enmendada dispone lo siguiente:

> **Este tribunal declara que se le adeuda a la parte demandante** *la cantidad de $27,000.00 más el 25% de penalidad $4,050.00 para un total de $31,050.00.*
>
> **Se le ordena además al pago de gastos, costas y $5,000.00 en honorarios de abogados, por temeridad.**
>
> **Se le ordena a la parte demandada consignar en este tribunal la cantidad de** *$31,050.00 en 15 días y subsiguientes meses mientras ocupe la propiedad o sea desahuciada, para la continuación del pleito. De no consignarse se desestimará la reconvención.*

Inconforme con lo anteriormente resuelto, la parte peticionaria acudió a este Tribunal mediante el recurso de epígrafe en el que señaló el siguiente error:

> *Incidió el Tribunal de Primera Instancia al enmendar Nunc Pro Tunc la sentencia emitida el 13 de diciembre de 2023. Es nula e inexistente porque se dictó sin jurisdicción, cuando ya la sentencia era final y firme desde el día 5 de julio de 2022.*

## II.

### A.

La Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.1, permite a los tribunales corregir los errores de forma en las sentencias, órdenes u otras partes del expediente y los que

aparezcan en estas por inadvertencia u omisión. *Otero Vélez v. Schroder Muñoz,* 200 DPR 76, 92 (2018). Estas correcciones pueden realizarse en cualquier tiempo, por iniciativa del tribunal o por la solicitud de cualquier parte, previa notificación, si esta se ordena. Regla 49.1 de Procedimiento Civil, *supra.* El Foro Primario puede corregir los errores de forma antes de elevar el expediente al Tribunal de Apelaciones y posteriormente, sólo podrán corregirse con el permiso del Tribunal de Apelaciones. *Id.* Las enmiendas dirigidas a solucionar los errores de forma son de naturaleza *nunc pro tunc,* lo que significa que se retrotraen a la fecha de la sentencia o resolución original. *Vélez v. AAA,* 164 DPR 772, 791 (2005).

Nuestro Tribunal Supremo ha manifestado que los errores de forma son aquellos que resultan de inadvertencias u omisiones. *Plan Salud Unión v. Seabord Sur. Co.,* 182 DPR 714, 721 (2011). Son errores mecanográficos que no afectan la sustancia de la sentencia, orden o resolución, ni están vinculados a cuestiones de discreción. *Id.* Entre los errores de forma más frecuentes se encuentran los errores de: (1) cálculos matemáticos, (2) nombres de personas o lugares, (3) fechas (4) números o cifras. *S.L.G. Coriano Correa v. K-mart Corp.,* 154 DPR 523, 530 (2001).

Es menester destacar que, las modificaciones a las sentencias deben respaldarse por el expediente del tribunal y las correcciones no pueden afectar los derechos ya obtenidos por las partes involucradas en la disputa. *Otero Vélez v. Schroder Muñoz, supra,* a la pág. 91. Esto es, las enmienda *nunc pro tunc* no proceden cuando existen errores de derechos, pues no se trata de la corrección de una mera inadvertencia, sino que se podrían afectar los derechos fundamentales de los litigantes. *S.L.G. Coriano-Correa v. K-mart Corp., supra,* a la pág. 530.

Por lo tanto, el principio fundamental para establecer la fecha de retroacción de la enmienda es que el cambio no altere un derecho sustantivo, sino que rectifique una mera inadvertencia. *Otero Vélez v. Schroder Muñoz, supra* a la pág. 91. Así pues, los errores de forma no tienen el efecto de interrumpir el término dispuesto para instar remedios posteriores a la sentencia. *Vélez v. A.A.A., supra,* a la pág. 790.

**III.**

En el caso ante nuestra consideración, la parte apelante nos solicita que revoquemos la "Sentencia *Nunc Pro Tunc*" emitida por el Tribunal de Primera Instancia en la que declara Ha Lugar la acción de desahucio y cobro de dinero.

Como único señalamiento de error, la parte apelante plantea que el Foro Primario erró al enmendar la Sentencia emitida el 13 de diciembre de 2021 porque ésta es nula e inexistente, pues se dictó sin jurisdicción, cuando ya la sentencia era final y firme desde el 5 de julio de 2022. No le asiste la razón. Veamos por qué.

Sabido es que las Reglas de Procedimiento Civil, *supra,* le permiten al Tribunal de Primera Instancia enmendar las sentencias para corregir errores de forma. Los errores de forma son aquellos que ocurren por inadvertencias u omisiones y que no afectan los derechos adquiridos por las partes. *Otero Vélez v. Schroder Muñoz, supra,* a la pág. 91. El Foro Primario puede realizar las correcciones en cualquier momento siempre que el expediente no se haya elevado a este Tribunal de Apelaciones. De haber sido elevado, deberá solicitar nuestra autorización para enmendar dicha sentencia. Regla 49.1 de Procedimiento Civil, *supra.*

Surge del expediente de nuestro caso que el Tribunal de Primera Instancia, de manera inadvertida, redactó que la parte demandante le adeuda cierta cantidad de dinero a la parte

demandada. La parte apelante alega que no deben ser sancionados porque de conformidad a la Sentencia, no le adeudan cantidad alguna a la parte apelada. No obstante, de una lectura integral de dicha sentencia podemos concluir que esto no es correcto, pues es la parte apelante quien no ha honrado el pago de los canones de arrendamiento del local perteneciente a la Sra. Álvarez Montero.

Por otro lado, la parte apelante señala que la Sentencia fue apelada y que ni la demandante ni la Jueza solicitaron enmendarla. Aunque el caso fue llevado al Tribunal de Apelaciones el 21 de diciembre de 2021 y luego al Tribunal Supremo, ambos recursos fueron resueltos, devolviendo así la jurisdicción sobre el caso al Tribunal de Primera Instancia. Así pues, el Foro Primario tenía la facultad de enmendar la Sentencia sin necesidad de la aprobación de los tribunales apelativos.

## IV.

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, confirmamos la "Sentencia *Nunc Pro Tunc*" emitida por el Tribunal de Primera Instancia, Sala Superior de Toa Alta a los fines de declarar Ha Lugar la acción de desahucio y cobro de dinero.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones