Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SONIA I. NATAL ROSADO<br><br>Apelada<br><br><br>v.<br><br><br>PETER RODRÍGUEZ FIGUEROA<br><br>Apelante | KLAN202400688 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce<br><br>Caso Núm. OPA-2024-045734<br><br>Sobre:<br><br>Violencia Doméstica (Ley Núm. 54) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Salgado Schwarz, Carlos G., Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de octubre de 2024.

Comparece el señor Peter Rodríguez Figueroa ("Sr. Rodríguez" o "Apelante"), quien nos solicita que revoquemos la Orden de Protección que dictó el Tribunal de Primera Instancia, Sala Municipal de Ponce ("TPI" o "foro recurrido") el 28 de mayo de 2024. Dicha Orden fue emitida y notificada en corte abierta el mismo día, y está vigente hasta el 28 de mayo de 2026.

Por los fundamentos que exponemos a continuación, se desestima el Recurso de Apelación.

**-I-**

El pleito ante nuestra consideración versa sobre una Orden de Protección que emitió el TPI al amparo del Artículo 2.1 B de la Ley para la Prevención e Intervención con la Violencia Doméstica.[1] Dicha Orden

---

[1] Ley Núm. 54 del 19 de agosto de 1989 (8 LPRA sec. 621b), (Ley Núm. 54).

responde a una denuncia que presentó la señora Sonia Ivette Natal Rosado ("Sra. Natal" o "Apelada") en contra de su pareja consensual, el Sr. Rodríguez, por infringir el Artículo 3.1 de la Ley Núm. 54.[2]

El TPI celebró una vista bajo la Regla 6 de Procedimiento Criminal[3] y determinó que existía causa por el delito imputado. Tras esta determinación, la Apelada sometió una petición de Orden de Protección que le fue concedida en sala el 28 de mayo de 2024.[4]

No obstante, el 18 de junio de 2024, el TPI emitió una Orden de Protección Enmendada, a fin de corregir el error cometido al escribir el segundo apellido de la Sra. Natal.[5]

Inconforme con lo resuelto, el Sr. Rodríguez acudió ante nosotros mediante el recurso de epígrafe en el que señaló la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR:** *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE PONCE, AL CONCEDER A LA APELADA EL REMEDIO CIVIL DE UNA ORDEN DE PROTECCIÓN FINAL BAJO EL ARTÍCULO 2.1 B DE LA LEY 54-1989, IMPLEMENTANDO EL RECIÉN APROBADO ARTÍCULO MEDIANTE LA LEY 95-2023, EL CUAL ES INCONSTITUCIONAL TODA VEZ QUE PRIVÓ AL APELANTE DE SU DERECHO FUNDAMENTAL A PORTAR ARMAS DE FUEGO SIN BRINDARLE AL APELANTE EL DEBIDO PROCESO DE LEY, SEGÚN LO EXIGEN LA ENMIENDA V DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS Y EL ARTÍCULO II, SECCIÓN 7, DE NUESTRA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO.*

> **SEGUNDO SEÑALAMIENTO DE ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL DE PONCE AL NO CONDICIONAR LA DURACIÓN DE LA ORDEN DE PROTECCIÓN AL RESULTADO DEL CASO CRIMINAL. YA QUE LA ORDEN DE PROTECCIÓN SE EXPIDE COMO CONSECUENCIA DE UNA DETERMINACIÓN DE CAUSA PARA ARRESTO DENTRO DE UN PROCESO CRIMINAL.*

> **TERCER SEÑALAMIENTO DE ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL DE PONCE AL EXPEDIR UNA ORDEN DE PROTECCIÓN FINAL EL CUAL ES UN REMEDIO CIVIL, SIN QUE LA PARTE AFECTADA POR LA ORDEN DE PROTECCIÓN PUDIESE CONTRAINTERROGAR LA PRUEBA, PRESENTAR PRUEBA A SU FAVOR, REFUTAR LOS TESTIGOS Y LA PRUEBA VIOLENTANDO EL DEBIDO PROCESO DE LEY Y HACIENDO INCONSTITUCIONAL EL ART. 2.1 B DE LA LEY 54 DE VIOLENCIA DOMÉSTICA.*

---

[2] Véase Apéndice del recurso apelativo, págs. 17-18.
[3] 34 LPRA Ap. II, R. 6.
[4] Véase Apéndice del recurso apelativo, págs. 1-6.
[5] *Íd.*, págs. 7-12.

# -II-

## A. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[6] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[8]

Cónsono con lo anterior, un recurso tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"[9], por lo que debe ser desestimado. Esto, debido a que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

## B. Enmienda *Nunc Pro Tunc*

La Regla 49.1 de Procedimiento Civil, permite a los tribunales corregir, en cualquier momento, todo error de forma que surja de una sentencia, orden u otra parte del expediente.[10]

El Tribunal Supremo de Puerto Rico ha expresado que, los errores de forma son aquellos que ocurren "por inadvertencia u omisión, o errores mecanográficos, o que

---

[6] *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007).
[7] *Allied Mgmt. Group* v. Oriental Bank, 204 DPR 374, 385 (2020); *SLG Solá-Moreno* v. *Bengoa Becerra*, 182 DPR 675, 682 (2011).
[8] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[9] *SLG Szendrey-Ramos* v. *F. Castillo*, *supra*, pág. 883.
[10] 32 LPRA Ap. V, R. 49.1; *Otero Vélez* v. *Schroder Muñoz*, 200 DPR 76, 91 (2018).

no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales".[11] A esos efectos, entre los errores de forma más comunes están "los errores mecanográficos, los errores de cómputos matemáticos en que no esté involucrada la discreción del tribunal sentenciador, los errores de nombres de personas o lugares, los errores de fechas y los errores de números o cifras".[12]

**Las enmiendas encaminadas a corregir <u>los errores de forma</u> son de naturaleza *nunc pro tunc*, es decir, que <u>se retrotraen a la fecha de la sentencia</u> o resolución original**.[13]

Ahora bien, las enmiendas siempre deberán estar sostenidas por el expediente del tribunal y este tipo de corrección no puede menoscabar los derechos ya adquiridos por las partes litigantes cuando ha transcurrido el término dispuesto para apelar o solicitar revisión.[14] Es decir, no procede una enmienda *nunc pro tunc* cuando existe un error de derecho, pues no se trata de la corrección de una mera inadvertencia, sino que se podrían afectar derechos sustantivos de las partes.[15]

Por tanto, el criterio rector es que la enmienda no altere un derecho sustantivo, sino la corrección de una

---

[11] *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 721 (2011); *SLG Coriano-Correa v. K-mart Corp.*, 154 DPR 523, 529 (2001).

[12] *Vélez v. AAA*, 164 DPR 772, 791 nota 21 (2005).

[13] *Vélez v. AAA*, *supra*, págs. 792; *SLG Coriano-Correa v. K-mart Corp.*, *supra*, pág. 530; *Security Ins. Co. v. Tribunal Superior*, 101 DPR 191, 202 (1973). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, págs. 464-465.

[14] *Otero Vélez v. Schroder Muñoz*, *supra*.

[15] *Otero Vélez v. Schroder Muñoz*, *supra*; *SLG Corian Correa v. K-mart Corp.*, *supra*, pág. 530; *Security Ins. Co. v. Tribunal Superior*, *supra*, pág. 205.

mera inadvertencia.[16] Esto pues, **los errores de forma no tienen el efecto de interrumpir el término dispuesto para instar los remedios posteriores a la sentencia**.[17]

### -III-

Un examen de los hechos procesales acaecidos en el pleito ante nuestra consideración nos lleva a concluir que el Apelante presentó su Recurso de Apelación tarde. Nos explicamos.

Como mencionamos, el dictamen impugnado se emitió el 28 de mayo de 2024. Es decir, el Sr. Rodríguez tenía 30 días, hasta el 27 de junio de 2024, para recurrir de la orden impuesta, según dispone la Regla 52.2(a) de las Reglas de Procedimiento Civil[18] y la Regla 13(A) del Reglamento del Tribunal de Apelaciones.[19] Sin embargo, este presentó su recurso el 18 de julio de 2024. Por tanto, su recurso es tardío y carecemos de autoridad para acogerlo.[20]

Por último, debemos señalar que la Orden de Protección Enmendada, emitida el 18 de junio de 2024, no tuvo el efecto de interrumpir el término para apelar.[21] Esto es así, debido a que el error corregido mediante la nueva orden del 18 de julio de 2024 constituye un error de forma, que al enmendarse se retrotrajo a la fecha de la orden original.[22]

---

[16] *Otero Vélez v. Schroder Muñoz*, *supra*; *SLG Coriano-Correa v. K-mart Corp.*, *supra*.

[17] *Vélez v. AAA*, *supra*, pág. 790.

[18] 32 LPRA Ap. V, R. 52.2(a).

[19] 4 LPRA Ap. XXII-B, R. 13(A).

[20] *SLG Szendrey-Ramos v. F. Castillo*, *supra*.

[21] *Otero Vélez v. Schroder Muñoz*, *supra*; *Vélez v. AAA*, *supra*.

[22] *Vélez v. AAA*, *supra*; *SLG Coriano-Correa v. K-mart Corp.*, *supra*; *Security Ins. Co. v. Tribunal Superior*, *supra*.

**-IV-**

De conformidad con los fundamentos antes expuestos, se ***desestima*** el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones