Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLA CAROLINA COURT<br><br>Apelado<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelante | TA2025AP00614 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2019CV03434<br><br>Sobre: Seguros |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece Mapfre Praico Insurance Company (Mapfre o apelante) y nos solicita revisar una *Sentencia* emitida el 30 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En esta, el foro primario ordenó a Mapfre indemnizar al Consejo de Titulares del Condominio Villa Carolina Court (Consejo o apelado), conforme propuso el comisionado especial designado en el caso, así como pagar honorarios de abogado al amparo del Artículo 27.165 del Código de Seguros, 26 LPRA sec. 2716e, e intereses por mora al 9.50%.

El 10 de noviembre de 2025, el Consejo presentó un *Memorando de Costas*, en el que reclamó $58,316.82 por concepto de costas, más los intereses correspondientes.[2] Ante ello, el 12 de noviembre de 2025, el TPI emitió una *Orden* en la que estableció que Mapfre debía proceder con el pago.[3]

---

[1] Entrada Núm. 265 en el expediente del caso CA2019CV03434 en el Sistema Unificado de Manejo de Casos (SUMAC). Notificada el 31 de octubre de 2025.
[2] *Íd.*, Entrada Núm. 266 en SUMAC.
[3] *Íd.*, Entrada Núm. 268 en SUMAC. Notificada el 13 de noviembre de 2025.

Posteriormente, el 17 de noviembre de 2025, el apelado presentó una *Solicitud de Enmienda Nunc Pro Tunc de Sentencia y de Determinación de Procedencia de Honorarios de Abogado al Amparo de la Regla 44.1 de Procedimiento Civil*.[4] En esta, alegó que, a pesar de la corrección del dictamen, aún requería enmiendas para que el apelante realizara el pago correcto. Señaló que el TPI no especificó la cuantía exacta que debía pagar la aseguradora, particularmente porque el comisionado especial incluyó una tabla que distinguía entre el *Replacement Cost Value* (RCV) y el *Actual Cash Value* (ACV), y la depreciación no era procedente bajo una póliza de RCV. También, solicitó restituir las partidas de impuestos, seguros y permisos como parte del cálculo de RCV, al entender que formaban parte de la indemnización y que Mapfre no demostró que su exclusión fuera claramente errónea. Añadió que, al tratarse de una obra mayor de reconstrucción realizada por contratistas no exentos, dichos costos debían transferirse al Consejo e incluirse en la indemnización.

El apelado solicitó, además, que la *Sentencia* se enmendara para detallar el cálculo del pago total: $3,521,544.15, menos el adelanto de $376,811.82 y el deducible de $194,313.00, para un total de $2,950,419.33, cuando la cuantía dispuesta por el comisionado especial fue de $8,828,565.07. A su vez, peticionó aclarar que los intereses por mora debían computarse desde el 25 de diciembre de 2017, ascendiendo a $2,201,619.07, aun cuando la *Demanda* se radicó el 5 de septiembre de 2019. De otra parte, solicitó que se estableciera que la Sentencia era parcial, que se incluyera la suma correspondiente a honorarios de abogado a razón del 33% de la cuantía total, y que se expresara que la conducta del apelante justificaba la imposición de honorarios por temeridad, lo cual constituía una determinación discrecional del foro inferior.

---

[4] *Íd.*, Entrada Núm. 269 en SUMAC.

En igual fecha, Mapfre solicitó hasta el 8 de diciembre de 2025 para presentar su oposición a la solicitud de enmienda del apelado.[5] Al próximo día, el TPI emitió una *Orden* en la que le concedió al apelante quince (15) días para expresar su posición.[6]

Por las razones que se exponen a continuación, se adelanta la desestimación del presente recurso por ser prematuro.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 7 (B)(5), se prescinde de la comparecencia de las demás partes en el caso para lograr el despacho más justo y eficiente.

## I.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020). Por ello, todo foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de todo asunto presentado ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Pues, ningún ente adjudicativo tiene discreción para asumir jurisdicción donde no la hay, ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción es insubsanable y conlleva la nulidad del dictamen. *Allied Mgmt. Group v. Oriental Bank*, *supra*. En tal sentido, una sentencia emitida sin jurisdicción es nula y carece de efectos jurídicos. *Íd.* Cuando un tribunal carece de jurisdicción, procede así declararlo y desestimar el recurso de inmediato sin considerar sus méritos. *Torres Alvarado v. Madera Atiles*, *supra*; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012). A tenor con

---

[5] *Íd.*, Entrada Núm. 270 en SUMAC.
[6] *Íd.*, Entrada Núm. 271 en SUMAC. Notificada el 20 de noviembre de 2025.

lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, autoriza que este Tribunal, a iniciativa propia o a petición de parte, desestime un recurso por falta de jurisdicción.

## B. Determinaciones de hechos enmendadas o adicionales

Cualquier parte puede solicitar al tribunal de instancia que corrija o añada determinaciones de hechos o conclusiones de derecho para fundamentar adecuadamente la sentencia, conforme a la Regla 43 de Procedimiento Civil, *supra*, R. 43. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., Lexisnexis de Puerto Rico, Inc., San Juan, 2017, pág. 466. Ello, cuando entienda que el dictamen no contiene los asuntos que, a su juicio, quedaron probados. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76 (2018). Su propósito es asegurar que el juzgador quede satisfecho en que atendió todas las controversias y que los foros apelativos estén completamente informados sobre la base decisiva. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 10 (2014); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 879-880 (2007), *citando a* J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Puerto Rico, Publicaciones JTS, 2000, T. I, pág. 695.

La presentación de una moción para enmendar determinaciones de hechos interrumpe el término jurisdiccional para recurrir al foro apelativo intermedio, dado que comienza a decursar desde la notificación de la resolución que resuelve la moción o de la sentencia enmendada. *Otero Vélez v. Schroder Muñoz*, *supra*. Además, independientemente el título del escrito, toda petición para enmendar determinaciones de hechos debe tratarse como tal. *Íd.*

## C. Remedios contra la sentencia

Por otro lado, la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1 permite al tribunal corregir, en cualquier momento, los errores de forma cometidos por inadvertencia u omisión, o mecanográficos, que no puedan considerarse que van a la sustancia de la sentencia,

ni que involucren asuntos discrecionales. *Vélez v. AAA,* 164 DPR 772, 791 (2005); *SLG Coriano-Correa v. K-mart Corp.,* 154 DPR 523 (2001). Estas enmiendas son *nunc pro tunc,* es decir, se retrotraen a la fecha de la sentencia original. *Otero Vélez v. Schroder Muñoz, supra.* Deben estar plenamente sustentadas en el expediente y no pueden menoscabar derechos adquiridos luego de vencido el término para apelar. *Íd.* Por ello, la regla no autoriza corregir errores de derecho, ya que implicaría alterar derechos sustantivos. *Íd.*

"El criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia". *Íd.* Pues, este mecanismo busca que la sentencia o el récord reflejen la verdad de lo realmente decidido y no que se decidan asuntos distintos a los que originalmente fueron pronunciados. *León v. Rest. El Tropical,* 154 DPR 249, 282-283 (2001). Así, los errores corregibles bajo esta regla son esencialmente oficinescos, no judiciales. J. Cuevas Segarra, <u>*Tratado de Derecho Procesal Civil*</u>, 2da ed., T. IV, Publicaciones JTS, 2011, pág. 1393.

El Tribunal Supremo ha validado este mecanismo para subsanar errores de forma que aparecen en el récord; errores cometido por la Secretaría al anotar una sentencia; añadir remedios adicionales claramente sostenidos por el récord; precisar la descripción de un bien en una sentencia, o conceder costas reconocidas en la sentencia. *SLG Coriano-Correa v. K-mart Corp., supra,* pág. 530; *Vélez v. AAA, supra,* pág. 792. Sin embargo, no procede invocar la Regla 49.1 de Procedimiento Civil, *supra,* R. 49.1, para corregir errores de derecho o controversias sobre una interpretación de ley. *Íd.* En estas circunstancias, se considera que se solicita un error de derecho sustantivo que no pueden ser corregido por el tribunal una vez la sentencia advino final. *Íd.*

**II.**

Como asunto de umbral nos corresponde determinar si este Tribunal de Apelaciones ostenta jurisdicción para atender el recurso presentado por Mapfre en sus méritos o si el mismo se presentó prematuramente. Tras un análisis sosegado del expediente ante nuestra consideración, concluimos que este foro apelativo carece de jurisdicción para atender el recurso.

Al momento de la presentación del recurso, se encontraba pendiente ante el TPI una solicitud de enmienda *nunc pro tunc* presentada por el Consejo, la cual, aunque así titulada, persigue corregir aspectos sustantivos del dictamen apelado. En su solicitud, el Consejo no se limita a señalar errores clericales, mecanográficos u omisiones de mero trámite; por el contrario, plantea ajustes que inciden directamente en la cuantía de la indemnización, en las partidas consideradas dentro del cálculo del RCV, en la determinación de la fecha de inicio de los intereses por mora, en la procedencia y el monto de los honorarios de abogado e incluso en la naturaleza parcial de la sentencia.

Cada una de estas cuestiones requiere evaluar el razonamiento judicial y la corrección sustantiva del dictamen, lo cual sobrepasa el alcance limitado de la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1. De concederse, tales enmiendas tendrían la capacidad de alterar derechos sustantivos del propio apelante, por lo que no se trata de simples errores oficinescos, sino de planteamientos que deben resolverse mediante el mecanismo de determinaciones de hechos adicionales o enmendadas contemplado en la Regla 43 de Procedimiento Civil, *supra*, R. 43.

La presentación de dicha moción interrumpió el término jurisdiccional para recurrir en apelación, el cual comenzará a decursar una vez se notifique la resolución que disponga de la solicitud de enmienda o la sentencia enmendada. Mientras el foro

inferior no se exprese sobre la solicitud de enmienda, la *Sentencia* permanece inconclusa para fines apelativos. Este Tribunal carece de facultad para asumir jurisdicción sin una determinación final que contenga todos los elementos necesarios para el desempeño adecuado de su función revisora.

Nótese que, independientemente del título de la moción pendiente de adjudicación, los asuntos pendientes no constituirían meros errores oficinescos ni inadvertencias en el dictamen. Las aclaraciones solicitadas persiguen alterar la esencia misma de lo adjudicado. Es a través de la notificación adecuada de la resolución que el TPI emita sobre la solicitud de enmiendas, la parte afectada podrá conocer, de manera definitiva, la determinación adoptada en su contra y activar de forma oportuna los mecanismos apelativos correspondientes.

En consecuencia, nos resta declarar que carecemos de jurisdicción y desestimar este recurso sin entrar en los méritos de la controversia planteada por el apelante. Este Tribunal no tiene discreción para asumir jurisdicción, ya que cualquier acción tomada sobre este recurso en su fondo sería nula e ineficaz.

**III.**

Por los fundamentos que anteceden, se desestima el presente recurso por prematuro.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones