Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JONATHAN MANUEL REYES SANTIAGO<br><br>Peticionario<br><br><br>EX PARTE | KLCE202500450 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D JV2011-0412<br><br>Sobre:<br>Cambio de Nombre |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece por derecho propio e *in forma pauperis* el señor Jonathan Manuel Reyes Santiago (señor Reyes Santiago o peticionario) y solicita que revisemos una *Orden* emitida el 13 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En dicho dictamen, el TPI declaró No Ha Lugar a la solicitud del señor Reyes Santiago en corregir una *Resolución* sobre cambio de nombre emitida el 8 de septiembre de 2011.

Se adelanta la denegatoria de la expedición del auto de *certiorari* peticionado por el peticionario.

Por virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7, prescindimos de la comparecencia de las partes con interés en este caso para lograr el más justo y eficiente despacho.

**I.**

Surge del expediente que el 8 de septiembre de 2011, el TPI emitió una *Resolución* en la que declaró Ha Lugar la solicitud de cambio de nombre del señor Reyes Santiago y ordenó al Registro

---

[1] Apéndice del *Recurso de Revisión Judicial y Solicitud de Corrección de Sentencia.* Archivada y notificada el 27 de marzo de 2025.

Demográfico de Puerto Rico hacer constar que también se le conocía por el nombre de Khaled Sheik Mohammed.[2]

Alrededor de catorce (14) años más tarde, el 25 de febrero de 2025, el señor Reyes Santiago presentó una *Moción Urgente de Corrección de Sentencia bajo la Regla 49 de Procedimiento Civil para Subsanar Error Material y Proteger Derechos Fundamentales*. En su escrito, planteó que, a pesar de que el encabezado de la *Resolución* del 8 de septiembre de 2011 identificaba el asunto como cambio de nombre, el contenido carecía de una orden que dispusiera el cambio definitivo de su nombre. El peticionario subrayó que el error material de señalar que "también era conocido como Khaled Sheik Mohammed" generó una ambigüedad jurídica que generó serios perjuicios administrativos y personales por más de una década ante la imposibilidad de actualizar los documentos gubernamentales. Por ello, solicitó subsanar el error al amparo de la Regla 49 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.

Así las cosas, el 13 de marzo de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar a la solicitud de corrección de sentencia y consignó que el peticionario debía presentar un caso nuevo.[3]

Inconforme, el señor Reyes Santiago presentó una *Moción de Reconsideración*. En esta, expresó que al Foro Primario resolver que debía presentar un nuevo caso, justipreció que su planteamiento de error era sustantivo, cuando realmente constituía un error material. Al respecto, puntualizó que no solicitó una nueva adjudicación, sino una aclaración sobre una ambigüedad formal que obstaculizó la ejecución de la determinación previa.

---

[2] Archivada y notificada el 16 de septiembre de 2011.
[3] Archivada y notificada el 27 de marzo de 2011.

Sometido el asunto ante su consideración, el 9 de abril de 2025, el Foro Primario emitió una *Orden* en la que estableció que no procedía la solicitud del peticionario.[4]

Aún insatisfecho, el 25 de abril de 2025, el señor Reyes Santiago presentó ante nos un "*Recurso de Revisión Judicial y Solicitud de Corrección de Sentencia*". En esencia, nos solicitó corregir la redacción de la *Resolución* del 8 de septiembre de 2011 para que esta reflejara correctamente el cambio de nombre adjudicado por el TPI, ya que la redacción del dictamen impedía su ejecución efectiva. Reiteró que no solicitó una nueva adjudicación, sino la corrección de una redacción ambigua que contradecía el propósito y el resultado del caso. Esgrimió que no debía verse obligado a presentar un nuevo caso para corregir un defecto redaccional en un dictamen previamente emitido.

**II.**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso

---

[4] Archivada y notificada el 10 de abril de 2025.

de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra.* Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

Es menester destacar que una determinación atinente a asuntos post-sentencia es revisable solamente mediante el recurso de *certiorari. IG Builders et al. v. BBVAPR,* 1185 DPR 307, 339 (2012).

### B. Remedios contra las sentencias

Por otro lado, toda sentencia dictada por un tribunal goza de una presunción de validez y corrección. *Oriental Bank v. Pagán Acosta y otros*, 2024 TSPR 133, 215 DPR ___ (2024). Sin embargo, la Regla 49.1 de Procedimiento Civil, *supra,* R. 49.1 permite que un

tribunal corrija en cualquier momento los errores de forma cometidos por inadvertencia u omisión, mecanográficos, o **que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución,** ni que estén relacionados con asuntos discrecionales. *Vélez v. AAA,* 164 DPR 772, 791 (2005); *SLG Coriano-Correa v. K-mart Corp.,* 154 DPR 523 (2001) (Énfasis nuestro). "**El criterio principal es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia**". *Infante v. Montalvo,* 165 DPR 757, 779 (2005) (Énfasis nuestro). Pues, "[e]l recurso que contempla la Regla 49.1 [de Procedimiento Civil], *supra,* le permite al Tribunal de Primera Instancia lograr que la sentencia o el récord de autos refleje la verdad, y no puede ser utilizado para reflejar, expresar o decidir otro asunto distinto al que originalmente fue pautado o pronunciado". *León v. Rest. El Tropical,* 154 DPR 249, 282-283 (2001).

Es decir, un error de forma o clerical debe considerarse como corregido mediante una enmienda *nunc pro tunc. Íd.*; R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Lexis Nexis, 2017, pág. 465. A saber, para los fines de esta regla, los errores de forma son los errores oficinescos, no judiciales. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., T. IV, Publicaciones JTS, 2011, pág. 1393.

El Tribunal Supremo reconoció este mecanismo para corregir los errores de forma que aparecen en los récords del tribunal; los errores cometidos por la Secretaría al anotar una sentencia; añadir remedios adicionales que estaba claramente sostenidos por el récord; añadir o modificar una descripción de un bien en una sentencia, y conceder costas cuando se reconocen en la sentencia. *Infante v. Montalvo, supra*; *SLG Coriano-Correa v. K-mart Corp., supra,* pág. 530; *Vélez v. AAA, supra,* pág. 792. Sin embargo, no se puede invocar la Regla 49.1 de Procedimiento Civil, *supra,* R. 49.1, para solicitar la

corrección de errores de derecho o cuando existe una controversia sobre una interpretación de ley. *Íd.* En estas circunstancias, se considera que se solicita un error de derecho sustantivo que no pueden ser corregido por el tribunal una vez la sentencia advino final. *Infante v. Montalvo, supra.*

Por otro parte, en ciertas circunstancias, se permite que una parte solicite el relevo de los efectos de una sentencia previamente dictada en su contra. *López García v. López García,* 200 DPR 50, 59 (2018). En tal sentido, la Regla 49.2 de Procedimiento Civil, *supra,* R. 49.2, rige lo concerniente a la facultad de los tribunales para dejar sin efecto una sentencia u orden por causa justificada. *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 448 (2003). El peticionario del relevo de sentencia tiene la obligación de justificar su solicitud al amparo de uno de los siguientes motivos:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
>
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. [...]

El relevo de sentencia es una facultad discrecional, salvo que sea nula. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010); *Pérez Ríos y otros v. ELA y otros, supra.* En tal eventualidad,

resulta mandatorio declarar su inexistencia jurídica, independientemente de los méritos que pueda tener el perjudicado o si se presentó posterior a expirar el término de seis (6) meses. *Íd.*; *HRS Erase v. CMT*, 205 DPR 689, 699 (2020).

**III.**

En el presente caso, el señor Reyes Santiago, sin plantear un señalamiento de error, indicó que el TPI se equivocó al denegar su solicitud de corregir la *Resolución* del 8 de septiembre de 2011 a los fines de eliminar la determinación de que "también era conocido como Khaled Sheik Mohammed". Según el peticionario, tal enunciado constituyó un error material o de forma que se debía corregir por virtud de la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1, ya que contradecía el propósito del cambio de nombre. Sin embargo, el Foro recurrido entendió que debía presentar un nuevo caso.

Tras un análisis sosegado y exhaustivo del expediente, a tenor con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, determinamos abstenernos de ejercer nuestra función revisora sobre el asunto señalado por el señor Reyes Santiago.

No consideramos irrazonable, contrario a derecho ni que constituya un fracaso a la justicia el hecho de que el TPI denegó la solicitud del peticionario en corregir la *Resolución* del 8 de septiembre de 2011 por virtud de la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1. La cuestión que el peticionario solicitó corregir trascendió un simple error de forma o clerical cometido por mera inadvertencia o error. Pues, pretendía reflejar, expresar o decidir una determinación distinta a la pronunciada por el TPI hace más de catorce (14) años atrás. Es decir, la naturaleza del error cuestionado versó sobre la sustancia de la decisión del Foro Primario al emitir la *Resolución* sobre cambio de nombre, máxime que tendría unas implicaciones jurídicas distintas posteriormente como serían los cambios en los

documentos gubernamentales que el peticionario solicitó. Ello, pues evidentemente son dos supuestos jurídicos completamente distintos el que se dicte una sentencia en la que se haga constar que una persona también es conocida por otro nombre a otra sentencia en la que se dictamine y ordene el cambio de nombre de un ciudadano o ciudadano para todos los efectos legales.

En tal sentido, el mecanismo de corrección de la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1, no era aplicable este caso, sino el relevo de sentencia dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, para el cual ya transcurrieron seis (6) meses desde que el dictamen se registró. Por ello, no concebimos que el TPI actuó contrario a derecho al denegar la solicitud del señor Reyes Santiago y señalar que debía presentar un nuevo caso.

En virtud de lo anterior, declinamos la solicitud del señor Reyes Santiago en intervenir con la determinación del Foro Primario.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones