ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelada<br><br>v.<br><br>ROLANDO DE JESUS TAMAYO RAMÍREZ<br><br>Apelante | **TA2025AP00021** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Mayagüez<br><br>Civil Núm. MZ2024CV01709<br><br>Sobre: Cobro de Dinero Ejecución de Hipoteca |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

### <u>SENTENCIA</u>

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparecen ante este foro el Sr. Rolando de Jesús y la Sra. Ederlinda Camara Torrelas (en conjunto, "los apelantes") y nos solicitan que revisemos una determinación emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, notificada vía edicto el 16 de abril de 2025. Mediante el referido dictamen, el foro primario declaró *Con Lugar* la *Demanda* instada por Banco Popular de Puerto Rico (Banco Popular o "parte apelada").

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

**I.**

El 1 de octubre de 2024, el Banco Popular presentó una *Demanda* sobre cobro de dinero, ejecución de prenda y/o gravamen mobiliario y ejecución de hipoteca en contra de los apelantes.[1]

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración Casos (SUMAC).

El 13 de enero de 2025, la parte apelada solicitó autorización del tribunal para emplazar por edicto a los apelantes.[2] Esta moción fue declarada *con lugar* mediante *Orden* notificada el 24 de enero de 2025.[3]

El 7 de marzo de 2025, la parte apelada solicitó la anotación de rebeldía y sentencia sin vista.[4] Así pues, el 10 de marzo de 2025, el foro primario notificó una *Resolución*, en la que declaró *Ha Lugar* la anotación de rebeldía.[5]

Luego de varias incidencias procesales, el 7 de abril de 2025, el foro apelado emitió la *Sentencia* en rebeldía, siendo notificada en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) el 10 de abril de 2025.[6]

El 16 de abril de 2025, Banco Popular presentó una *Moción sobre Publicación de Aviso de Notificación de Sentencia por Edicto*.[7] Mediante la cual indicó lo siguiente:

> La aquí compareciente informa que el **16 de abril de 2025,** se publicó el Aviso de Notificación de Sentencia por Edicto en el periódico "The San Juan Daily Star". **Anejo.**
>
> Por Todo Lo Cual, con el mayor de los respetos se solicita de este Ilustre Foro tome conocimiento de lo antes expuesto.
>
> Certifico haber notificado copia fiel y exacta de la presente mediante correo regular a la parte demandada a su última dirección postal conocidas: **P.O. Box 1869, Mayagüez, PR 00681.**

---

[2] *Moción Solicitando Emplazamiento por Edicto*, entrada núm. 6 en SUMAC.
[3] *Orden*, entrada núm. 7 en SUMAC.
[4] *Solicitud de Anotación de Rebeldía y Sentencia Sin Vista*, entrada núm. 9 en SUMAC.
[5] *Resolución Anotación Rebeldía y Orden*, entrada núm. 10 en SUMAC.
[6] *Determinaciones de Hechos, Conclusiones de Derecho y Sentencia en Rebeldía*, entrada núm. 13 en SUMAC.
[7] *Moción sobre Publicación de Aviso de Notificación de Sentencia por Edicto*, entrada núm. 15 en SUMAC.

A su vez, junto con la moción presentó la evidencia de la publicación de la sentencia en el edicto.

En la misma fecha, el foro primario notificó una *Resolución Publicación Sentencia Edicto*, en la cual tomó conocimiento de la publicación de la sentencia por edicto.[8]

El 1 de mayo de 2025, los apelantes comparecieron mediante *Moción de Reconsideración*.[9] Además, presentaron una *Moción de Desestimación a tenor con la Regla 10.2 (2)(3)(4) y (6) de Procedimiento Civil*.[10] En su moción de reconsideración, en esencia, sostuvieron que la *Sentencia* del caso de epígrafe había sido dictada bajo el número de caso MZ2024CV00942, por lo que no existía una *Sentencia* dictada propiamente en el caso. De otra parte, esbozaron que la notificación de la *Sentencia* había sido defectuosa, puesto que, la parte apelada no cumplió con el rigor de la Regla 65.3 de Procedimiento Civil, al no evidenciar la carta con acuse de recibo, ni la declaración jurada del periódico.

El 8 de mayo de 2025, Banco Popular presentó su *Oposición a "Moción de Desestimación"*.[11] En primer lugar, planteó que el error en el número de caso civil, era un error de forma y se podía subsanar. En segundo lugar, alegó que había cumplido con la Regla 65.3(c) de Procedimiento Civil: (a) al notificar el aviso de notificación de sentencia por edictos el 10 de abril de 2025 (anejo 1); (b) siendo publicado el 16 de abril de 2025 (anejo 2); (c) moción sobre la notificación simultánea al tribunal y a la parte demandada (anejo 3);

---

[8] *Resolución Publicación Sentencia Edicto*, entrada núm. 16 en SUMAC.
[9] *Moción de Reconsideración*, entrada núm. 17 en SUMAC.
[10] *Moción de Desestimación a tenor con la Regla 10.2 (2)(3)(4) y (6) de Procedimiento Civil*, entrada núm. 18 en SUMAC.
[11] *Oposición a "Moción de Desestimación"*, entrada núm. 21 en SUMAC.

y (d) notificación de sentencia por edicto y sentencia a los demandados por correo certificado con acuse de recibo del 17 de abril de 2025 (anejo 4).

Posteriormente, el 13 de mayo de 2025, el foro primario emitió una sentencia *nunc pro tunc*.[12] En esencia, indicó que la enmienda era a los efectos de corregir el número de caso en el epígrafe.

En la misma fecha, notificó la *Resolución Reconsideración*, mediante la cual declaró *No Ha Lugar* a la reconsideración instada por la parte apelante.[13]

El 19 de mayo de 2025, Banco Popular presentó una *Moción sobre Publicación de Aviso de Notificación de Sentencia por Edicto*.[14] En esta, la parte apelada indicó lo siguiente:

> La aquí compareciente informa que el **19 de mayo de 2025,** se publicó el Aviso de Notificación de Sentencia por Edicto en el periódico "The San Juan Daily Star". **Anejo.**
>
> Por Todo Lo Cual, con el mayor de los respetos se solicita de este Ilustre Foro tome conocimiento de lo antes expuesto.
>
> Certifico haber notificado copia fiel y exacta de la presente mediante correo regular a la parte demandada, Rolando De Jesús Tamayo Ramírez, Ederlina Cámara Torrellas t/c/c Ederlinda Cámara Torrellas y la Sociedad de Gananciales compuesta por ambos, a la siguiente dirección conocida: **P.O. Box 1869, Mayagüez, PR 00681** y al Lcdo. Mario J. García Incera, **PO Box 411, Mayagüez, PR 00681-0411.**

A su vez, junto con la moción sólo presentó evidencia de la publicación del edicto.

El 20 de mayo de 2025, el foro primario notificó una *Resolución Acreditando Publicación de Sentencia Edicto*, en la cual tomó conocimiento de la publicación

---

[12] *Determinaciones de Hechos, Conclusiones de Derecho y Sentencia en Rebeldía (Nunc Pro Tunc),* entrada núm. 23 en SUMAC.
[13] *Resolución Reconsideración*, entrada núm. 24 en SUMAC.
[14] *Moción sobre Publicación de Aviso de Notificación de Sentencia por Edicto*, entrada núm. 27 en SUMAC.

de la sentencia por edicto. No obstante, le ordenó a Banco Popular a que presentara la declaración jurada del periódico.[15]

El 23 de mayo de 2025, la parte apelada presentó *Moción en Cumplimiento de Resolución*.[16] Junto con la moción, presentó evidencia del aviso de sentencia publicado y del affidavit.

Sobre la sentencia *nunc pro tunc*, los apelantes presentaron una *Moción de Reconsideración*.[17] No obstante, el foro primario la denegó mediante *Resolución Reconsideración* notificada el 9 de junio de 2025.[18]

Inconformes con la determinación, el 19 de junio de 2025, los apelantes presentaron el recurso de epígrafe. Mediante este, plantearon los siguientes señalamientos de error:

> Primer Error: Erró el TPI al emitir Sentencia en el presente caso sin antes resolver la moción de desestimación bajo la regla 10.2 de procedimiento civil presentada por la parte interventora.
>
> Segundo Error: Erró el TPI al no desestimar el caso por falta de parte indispensable bajo la Regla 16.1 de procedimiento civil y deficiencia en el emplazamiento.
>
> Tercer Error: Tanto la Sentencia Original como la Enmendada no fueron notificadas conforme a lo dispuesto por la Regla 65.3 por lo que su notificación no fue adecuada.

El 26 de junio de 2025, emitimos una *Resolución* concediéndole cinco (5) días a la parte apelante para que mostrara causa por la cual no debíamos desestimar el recurso.

El 1 de julio de 2025, Banco Popular presentó una *Solicitud de Desestimación por Falta de Jurisdicción*.

---

[15] *Resolución Acreditando Publicación de Sentencia Edicto*, entrada núm. 28 en SUMAC.
[16] *Moción en Cumplimiento de Resolución*, entrada núm. 29 en SUMAC.
[17] *Moción de Reconsideración*, entrada núm. 32 en SUMAC.
[18] *Resolución Reconsideración*, entrada núm. 34 en SUMAC.

Sostuvo que el término para que la parte apelante presentara el recurso venció el 4 de junio de 2025. Por lo que, solicitó la desestimación del recurso de epígrafe, por falta de jurisdicción.

De otra parte, el 2 de julio de 2025, la parte apelante presentó su *Moción en Cumplimiento de Orden*. En esencia, alegó que independientemente de cuando presentó el recurso, reitera que la sentencia apelada no fue notificada conforme a la Regla 65.3(c) de Procedimiento Civil. Arguyó que, una vez notificada mediante edicto, la parte apelada no presentó la declaración jurada del agente autorizado del periódico certificando su publicación, ni la evidencia de haber enviado por correo certificado con acuse de recibo copia de la sentencia y notificación a la última dirección conocida de estos.

El 8 de julio de 2025, emitimos una *Sentencia* desestimando el recurso por falta de jurisdicción, ante su presentación prematura. El 11 de julio de 2025, Banco Popular presentó una moción de reconsideración donde demostró que los trámites de notificar por edicto la sentencia se habían completado. Ante ello, emitimos una *Resolución* el 15 de julio de 2025, concediéndole a la parte apelante 10 días, a partir de la notificación de la *Resolución* para que se expresara sobre la reconsideración y comparecieron ante nos el 18 de agosto de 2025, cumpliendo con lo ordenado. Luego de evaluadas ambas posturas, reconsideramos la sentencia y dejamos sin efecto el dictamen emitido el 8 de julio del año en curso.

Evaluado el recurso ante nuestra consideración, procedemos a disponer de la controversia de autos.

## II.

### -A-

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). Es norma reiterada que los tribunales tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto que estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).

Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción sobre la materia y sobre la persona de los litigantes para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012).

Ahora bien, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar, pues, no tenemos discreción para asumir jurisdicción donde no la hay. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015).

Particularmente, a nivel apelativo, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este foro a desestimar un recurso, a solicitud de parte o *motu proprio*, si se satisface alguno de los criterios contenidos en dicha regla. La referida regla dispone, en lo pertinente, lo siguiente:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[…]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

[…]

Constituye norma de derecho reiterada que un recurso prematuro al igual que uno tardío priva de jurisdicción al tribunal al cual se recurre. Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello así, toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Juliá et al. v. Epifanio Vidal, S.E.* 153 DPR 357, 366-367 (2001).

Un recurso es tardío cuando se presenta luego de haber transcurrido el término dispuesto para ello. *Yumac Home v. Empresas Masso*, supra, pág. 107. Un recurso presentado tardíamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Por último, un término de naturaleza jurisdiccional como el de apelación es de carácter fatal, por lo que, el incumplimiento con el mismo priva al foro apelativo de jurisdicción para atender el recurso instado. *Vélez v. AAA,* 164 DPR 772 (2005). Específicamente, la Regla

52.2 de Procedimiento Civil dispone, en lo pertinente, que "[l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado."

**-B-**

La notificación de las resoluciones, órdenes y sentencias forma parte de un detallado sistema procesal esculpido al amparo del Artículo V, Sección 6, de la Constitución de Puerto Rico. Una vez se dicta una sentencia, las Reglas de Procedimiento Civil, *supra*, imponen a la Secretaría del Tribunal la obligación de notificarla a la brevedad posible a todas las partes, archivar en autos una copia de la notificación y, a su vez, notificar dicho archivo a las partes. Regla 46 de las Reglas de Procedimiento Civil, Ap. V, R. 46; *R&G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 519-520 (2010). Para ello, la Regla 65.3 de Procedimiento Civil, *supra*, dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes. Incluso, esta Regla 65.3, *supra*, establece la forma en que se notificarán las sentencias, órdenes y resoluciones en los casos en que una parte haya sido emplazada por edicto y nunca compareció al pleito. Específicamente, los incisos (c) y (d) de esta regla disponen en lo pertinente que:

> (c) […] En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes

demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. **Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo** dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. **Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.**

(d) El contenido del edicto deberá contar con la información siguiente:
   (1) Título ("Notificación mediante Edicto")
   (2) Sala del Tribunal de Primera Instancia
   (3) Número del caso
   (4) Nombre de la parte demandante
   (5) Nombre de la parte demandada a ser notificada
   (6) Naturaleza de la reclamación
   (7) Fecha de expedición
   (8) Término dentro del cual la persona así notificada tiene que revisar o apelar de la sentencia antes de que ésta advenga final y firme. Reglas 65.3(c) y (d) de Procedimiento Civil, *supra*. (Énfasis nuestro).

La citada regla requiere que, en aquellos casos en los que una parte que haya sido emplazada por edictos y nunca haya comparecido al pleito, la sentencia se le notifique mediante edictos. Le corresponde a la parte demandante acreditar la publicación del aviso de sentencia mediante una **"declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado"**. Regla 65.3 de las de Procedimiento Civil, *supra*. Es a partir de la fecha de publicación del edicto que todos los

términos, incluyendo el de recurrir en alzada, comenzarán a computarse. *Íd.*

En ese sentido, es un requisito indispensable y crucial que se notifique adecuadamente una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho. *Yumac Home v. Empresas Massó*, supra, pág. 105. Dicha omisión puede acarrear graves consecuencias y demoras en el proceso judicial. *Íd.*, pág. 106; *Caro v. Cardona*, 158 DPR 592, 600 (2003). "Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia". *Yumac Home v. Empresas Masso,* supra, pág. 105.

Por consiguiente, una notificación defectuosa impide que las partes procuren los remedios que tienen a su disposición, enervando con ello las garantías del debido proceso de ley. *R&G Mortgage v. Arroyo Torres y otros,* supra, pág. 520; *Olivo v. Srio. de Hacienda*, 164 DPR 165 (2005). Además, paraliza el término para acudir en revisión ante el Tribunal de Apelaciones. *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 39 (2000).

-C-

La Regla 49.1 de Procedimiento Civil, permite a los tribunales corregir, en cualquier momento, todo error de forma que surja de una sentencia, orden u otra parte del expediente. 32 LPRA Ap. V, R. 49.1; *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 91 (2018).

El Tribunal Supremo de Puerto Rico ha expresado que, los errores de forma son aquellos que ocurren "por inadvertencia u omisión, o errores mecanográficos, o que

no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 721 (2011); *SLG Coriano-Correa v. K-mart Corp.*, 154 DPR 523, 529 (2001). A esos efectos, entre los errores de forma más comunes están "los errores mecanográficos, los errores de cómputos matemáticos en que no esté involucrada la discreción del tribunal sentenciador, los errores de nombres de personas o lugares, los errores de fechas y los errores de números o cifras". *Vélez v. AAA*, supra.

Las enmiendas encaminadas a corregir los errores de forma son de naturaleza *nunc pro tunc*, es decir, que se retrotraen a la fecha de la sentencia o resolución original. *Vélez v. AAA,* supra, págs. 792; *SLG Coriano-Correa v. K-mart Corp.*, supra, pág. 530; *Security Ins. Co. v. Tribunal Superior,* 101 DPR 191, 202 (1973). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico,* Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, págs. 464-465.

Ahora bien, las enmiendas siempre deberán estar sostenidas por el expediente del tribunal y este tipo de corrección no puede menoscabar los derechos ya adquiridos por las partes litigantes cuando ha transcurrido el término dispuesto para apelar o solicitar revisión. *Otero Vélez v. Schroder Muñoz*, supra. Es decir, no procede una enmienda *nunc pro tunc* cuando existe un error de derecho, pues no se trata de la corrección de una mera inadvertencia, sino que se podrían afectar derechos sustantivos de las partes. *Otero Vélez v. Schroder Muñoz*, supra; *SLG Corian Correa*

*v. K-mart Corp.,* supra, pág. 530; *Security Ins. Co. v. Tribunal Superior,* supra, pág. 205.

Por tanto, el criterio rector es que la enmienda no altere un derecho sustantivo, sino la corrección de una mera inadvertencia. *Otero Vélez v. Schroder Muñoz,* supra; *SLG Coriano-Correa v. K-mart Corp.*, supra. Esto pues, los errores de forma no tienen el efecto de interrumpir el término dispuesto para instar los remedios posteriores a la sentencia. *Vélez v. AAA,* supra, pág. 790.

**III.**

Luego de evaluar la *Apelación* de epígrafe, concluimos que carecemos de jurisdicción para atender el presente recurso. Veamos.

En el caso de autos, la sentencia apelada fue dictada en rebeldía, en una acción ordinaria de cobro de dinero contra los apelantes, quienes fueron emplazados mediante edicto. El dictamen apelado fue emitido el **7 de abril de 2025**, sin embargo, su notificación fue el **16 de abril de 2025,** mediante edicto. El **1 de mayo de 2025,** los apelantes presentaron una *Moción de Reconsideración*, siendo denegada por el foro primario el **13 de mayo de 2025.**

En la misma fecha, el foro *a quo* notificó una sentencia *nunc pro tunc,* en la cual aclaró que era para corregir el número de caso de epígrafe, y fue publicada mediante edicto el 19 de mayo de 2025. En desacuerdo, los apelantes presentaron el 3 de junio de 2025, una segunda *Moción de Reconsideración*, la cual, de igual forma, fue denegada el 9 de junio de 2025. Inconformes con la decisión, el 19 de junio de 2025, los apelantes presentaron el recurso de *Apelación* ante nos.

Conforme a la normativa antes expuesta, en el caso de partes en rebeldía que hayan sido emplazadas por edictos y nunca comparecieron, lo que procede es que la Secretaria del Tribunal emita un aviso de notificación de *Sentencia* por edictos para su publicación por el demandante. Se advierte que el aviso dispondrá que el edicto debe publicarse una sola vez en un periódico de circulación general en Puerto Rico, dentro de los diez (10) días siguientes a la fecha de la notificación. Además, copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. A su vez, dispone que el edicto se les informará a las partes en rebeldía sobre la sentencia dictada y del término que tendrán disponible para solicitar revisión judicial.

En el caso de autos, la sentencia apelada fue publicada por edicto el 16 de abril de 2025. Asimismo, surge del expediente que Banco Popular presentó evidencia del afidávit de la publicación del edicto y las cartas certificadas con acuse de recibo. Es por ello, que, dentro del término para solicitar una reconsideración, entiéndase, el 1 de mayo de 2025, los apelantes presentaron su moción de reconsideración, la cual fue atendida el 13 de mayo de 2025. Por consiguiente, a partir de dicha fecha, es que los apelantes tenían treinta (30) días, para acudir ante este Tribunal, entiéndase hasta el 12 de junio de 2025.

Posteriormente, el foro primario emitió una *Sentencia nunc pro tunc*, siendo notificada mediante

edicto el 19 de mayo de 2025. Dicha sentencia *nunc pro tunc*, fue realizada con el fin de corregir una omisión o inadvertencia en el número de caso, considerándose como un error de forma. Esto causa, que la enmienda se retrotraiga a la fecha original de la sentencia. Por lo que, la moción de reconsideración sobre la sentencia *nunc pro tunc*, presentada por los apelantes no procedía. Así pues, los apelantes presentaron su recurso de apelación fuera del término provisto para ello.

Por consiguiente, tratándose precisamente de un asunto de naturaleza jurisdiccional, como foro revisor nos vemos forzados a desestimar el presente recurso, ante su presentación tardía.

**IV.**

Por los fundamentos antes expuesto, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción, ante su presentación tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones