ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ELBA RUSSE RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>ALFREDO BEAUCHAMP SIERRA Y OTROS<br><br>Peticionarios | TA2025CE00510 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DAC2005-1145<br><br>Sobre: Liquidación Comunidad Ganancial |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece la Sucesión Alfredo Beauchamp Sierra ("Sucesión" o "Peticionarios") mediante *Petición de Certiorari* y nos solicitan la revisión de una determinación emitida el 31 de julio de 2025, notificada el 7 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud instada por los peticionarios, a los efectos de excluir un bien inmueble del caudal de la comunidad.

Por los fundamentos que proceden, se expide el auto solicitado y se *confirma* la determinación recurrida.

**I.**

El 28 de mayo de 2004, Elba Russe Rodríguez ("señora Russe Rodríguez" o "Recurrida") presentó una *Demanda* sobre división de comunidad contra el ahora fenecido Alfredo Beauchamp Díaz ("señor Beauchamp Díaz"), su esposa, María Sierra Rodríguez, y su tutor, Alfredo Beauchamp Sierra. Alegó que, por 23 años, había sostenido una relación en concubinato con el señor Beauchamp Díaz. Sostuvo que mantenían sus bienes en comunidad y que, durante la vigencia de la relación, habían adquirido los siguientes bienes: (1) Finca de 250 cuerdas ubicada el Barrio

Pugnado de Vega Baja; (2) Vaquería Dorín, ubicada en Morovis; (3) Finca de 67.23 cuerdas, ubicada en Morovis; (4) Terreno localizado en el Barrio Franque de Morovis; (5) Vehículo de motor, modelo Pathfinder del 2001; y (6) Finca Lomba ubicada en Vega Baja. La señora Russe Rodríguez adujo que no deseaba continuar en comunidad y, por tanto, solicitó la división de los referidos bienes.

Tras varias instancias procesales, el 7 de octubre de 2008, el TPI dictaminó una *Sentencia*. Mediante el aludido dictamen, el foro de instancia le reconoció a la parte recurrida una participación de 50% en las siguientes propiedades:

a. **Finca de 250 cuerdas, en el Barrio Pugnado Adentro de Vega Baja** – Valor: $775,000.00, Exhibit 14. Se adquirió el 9 de diciembre de 1983 por $383,000.
b. **Finca y Vaquería conocida como "Dorín"**, ubicada en la Carr. 633, Bo. Barahona de Morovis – Valor: $675,000.00, Ex[h]ibit 12. Se adquirió el 26 de febrero de 1987 por $193,280.65.
c. **Finca en el Barrio Franquez de Morovis** – Valor: $225,000.00, Exhibit 11.
d. **Finca Lomba, <u>Barrio Quebrada y Río Arriba</u>** – Valor: $700,000.00, según surge del Exhibit 13. Se adquirió el 5 de agosto de 1982 por $150,000.00.[1]

(Énfasis y subrayado suplido)

Luego de tomar en consideración un crédito de $42,163.82 a favor a la Sociedad Legal de Gananciales compuesta entre el señor Beauchamp Díaz y su esposa, el foro de instancia estableció el valor del caudal de la comunidad en $2,332,836.18.

Posteriormente, el 18 de julio de 2025, la Sucesión Beauchamp Díaz presentó una *Moción en torno a Finca Lomba B*. Adujeron que, la *Sentencia* únicamente le adjudicó a la señora Russe Rodríguez una participación en la finca Lomba "A", no así en la finca Lomba "B". Precisaron que, según la tasación realizada y presentada ante el TPI, la finca Lomba "A" tenía un valor de $700,000.00, mientras que el valor de la finca Lomba "B" era de $545,000.00. Sostuvieron que, al computar el valor del caudal, el foro de instancia solo tomó en consideración el valor de la finca Lomba "A" y

---

[1] *Véase*, Apéndice del recurso, Entrada Núm. 1, Anejo 3, pág. 23.

excluyó el de la finca Lomba "B". Como resultado, razonaron que, al no incluir en el caudal la suma de $545,000.00 correspondiente a la finca Lomba "B" , el foro de instancia no le adjudicó una participación a la señora Russe Rodríguez en tal inmueble.

El 22 de julio de 2025, la señora Russe Rodríguez notificó su *Réplica a Moción en torno a Lomba B y Solicitud de Nueva Imposición de Honorarios por Temeridad*. Señaló que la *Sentencia* incluyó la finca Lomba en su totalidad, ya que especificó que tenía una participación sobre los sectores que la componen, el Barrio Quebrada Arenas y el Barrio Río Arriba. No obstante, reconoció que el TPI no tomó en consideración el valor del sector correspondiente a la finca Lomba "B". Por lo cual, sostuvo que, al tratarse de un mero error matemático, el mismo podía corregirse mediante enmienda *nunc pro tunc*.

Consecuentemente, el 31 de julio de 2025, notificada el 7 de agosto de 2025, el TPI denegó la petición instada por la Sucesión mediante una *Orden*. Inconformes, el 21 de agosto de 2025, los peticionarios presentaron una *Solicitud de Reconsideración*, la cual fue denegada el 25 de agosto de 2025 a través de una *Orden*, notificada el 8 de septiembre de 2025.

Insatisfechos aún, el 26 de septiembre de 2025, la Sucesión compareció ante esta Curia mediante *Petición de Certiorari*. Los peticionarios realizaron el siguiente señalamiento de error:

> **Incidió el Tribunal de Primera Instancia al denegar la solicitud de los peticionarios para la exclusión de la finca Lomba B del caudal en división, a pesar de que la Sentencia de 7 de octubre de 2008 no adjudicó participación a la recurrida en dicha propiedad reconociendo consecuentemente que se trataba de un bien perteneciente a los codemandados Alfredo Beauchamp Díaz y María Sierra Rodríguez, sustituidos por las Sucesiones Beauchamp Díaz y Sierra Rodríguez.**

El 30 de septiembre de 2025, este Tribunal le concedió a la parte recurrida un término de diez (10) días para exponer su posición al recurso. Posteriormente, el 7 de octubre de 2025, la señora Russe Rodríguez instó una *Moción en Solicitud de Prórroga*. Siendo así, le concedimos a la parte recurrida la prórroga solicitada. El 16 de octubre de 2025, la señora Russe

Rodríguez notificó su *Escrito en Oposición a Solicitud de Certiorari.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 49.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 49.1, dispone que "**[l]os errores de forma** en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, el tribunal podrá corregirlos **en cualquier tiempo** [...]". (Énfasis suplido). Esta regla tiene el fin de permitirle al tribunal que dictó la determinación "corregir cualquier error de forma [...] o errores mecanográficos, o que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales". *S.L.G. Coriano-Correa v. K-mart Corp.*, 154 DPR 523, 529 (2001). A esos efectos, entre los errores de forma más comunes se encuentran "los errores mecanográficos, **los errores de cómputos matemáticos en que no esté involucrada la discreción del Tribunal sentenciador**, los errores en nombres de personas o lugares, los errores de fechas y los errores de números o cifras". (Énfasis suplido). *Vélez v. A.A.A.*, 164 DPR 772, 791 (2005).

Las enmiendas encaminadas a corregir los errores de forma son de naturaleza *nunc pro tunc*, es decir, se retrotraen a la fecha de la sentencia o resolución original. *Vélez v. A.A.A.*, *supra*, pág. 792. El criterio rector es que la enmienda no altere un derecho sustantivo, sino la corrección de una mera inadvertencia. *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 79 (2018).

**III.**

En el recurso que nos ocupa, la Sucesión aduce que el foro de instancia incidió al no excluir la finca Lomba "B" del caudal de la comunidad. Arguyen que la *Sentencia* dictada en el año 2008 no le adjudicó a la señora Russe Rodríguez una participación sobre la propiedad. No le asiste la razón. Explicamos.

Mediante su escrito intitulado "*Moción en torno a finca Lomba B*", los peticionarios le solicitaron al foro de instancia la exclusión de la referida propiedad de los bienes en liquidación. Razonan que, debido a que la

*Sentencia* del 2008 no computó el valor de la finca Lomba "B" al determinar el valor del caudal, no se le adjudicó una participación a la señora Russe Rodríguez en el inmueble.

Conforme surge de la *Sentencia,* el foro de instancia expresamente le reconoció a la recurrida una participación sobre la totalidad de la finca Lomba. Más de dieciséis (16) años luego de que la misma adviniera final y firme, los peticionarios intentan utilizar la omisión en el cálculo matemático como base para excluir la finca Lomba "B" del caudal comunitario. Tal error no altera la determinación realizada por el foro de instancia, en torno a que la señora Russe Rodríguez posee una participación de cincuenta por ciento (50%) sobre los dos (2) sectores que componen la finca Lomba. Según hemos reseñado, nuestro Alto Foro ha explicado que "los errores de cómputos matemáticos en que no esté involucrada la discreción del Tribunal sentenciador" constituyen errores de forma. *Vélez v. A.A.A., supra.* Ante ello, la falta en el cómputo del caudal constituye un error de forma susceptible de ser corregido mediante enmienda *nunc pro tunc,* en caso de que el TPI lo estime necesario. Siendo así, resulta forzoso concluir que el error señalado no fue cometido.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, se expide el auto solicitado y se *confirma* la determinación recurrida. Se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones